UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| VINCENT LEE,<br>  *Plaintiff* | :   CIVIL ACTION NO. 3:02CV2214 (AWT) |
| v. | : |
| STATE OF CONNECTICUT<br>DEPARTMENT OF MOTOR VEHICLES,<br>DALE URSIN (official and individual<br>capacity) JOSE SALINAS (official and<br>individual capacity),<br>  *Defendants* | :<br>:<br>:<br>:<br>:<br>:   OCTOBER 20, 2003 |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT
OF THEIR MOTION TO DISMISS AMENDED COMPLAINT**

I.  INTRODUCTION

Plaintiff was an employee of the State of Connecticut's Department of Motor Vehicles ("DMV") until his layoff earlier this year as part of the reduction in force brought about by the State's fiscal crisis. Plaintiff had been employed by DMV since 1992 as a Management Analyst. Plaintiff alleges that he was terminated from DMV's employment in January 2000 because he complained to his superior, the defendant Ursin, concerning his belief that he was experiencing disparate treatment because of his color and race – Black African-American. The defendants are the State of Connecticut, Department of Motor Vehicles; Dale Ursin, the former head of the DMV personnel unit and Jose Salinas, the former DMV Commissioner. Messrs. Ursin and Salinas are sued in both their individual and official capacities pursuant to the caption in the Second Amended Complaint.

Plaintiff's complaint attempts to state claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. for discrimination and retaliation.[1] (See Complaint First Claim for Relief; Second Claim for Relief). Plaintiff's Third Claim for Relief appears to set out a claim against the defendant Ursin only for violation of "plaintiff's right to equal protection."

By way of relief, plaintiff seeks compensatory and punitive damages, a temporary and permanent injunction requiring that the defendant and its agents cease and desist from discriminatory conduct vis a vis the plaintiff, a declaratory judgment, attorney fees and costs and such other equitable relief as the Court deems appropriate.

The defendants hereby submit this memorandum of law in support of their Motion to Dismiss the Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction over the subject matter; Rule 12(b)(2) for lack of jurisdiction over the person; Rule 12(b)(5) for insufficiency of service of process; and Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Defendants move to dismiss upon the following grounds which are more specifically discussed in the Argument infra:

I.   Plaintiff Has Failed to Satisfy The Prerequisites of a Title VII Claim;

II.  Title VII Violations Cannot Be Asserted Against Individuals As Supervisors;

III. The Eleventh Amendment Bars Plaintiff's Claims For Money Damages Against The Defendants In Their Official Capacities;

IV.  Plaintiff Fails to State A Claim Under 42 U.S.C. § 1981;

V.   Plaintiff Fails to State A Claim Under 42 U.S.C. § 1983;

VI.  The Complaint Against The Defendant Salinas Must Be Dismissed For Insufficiency of Service of Process And Had of Personal Jurisdiction.

---

[1] These Title VII claims for discrimination and retaliation are directed against the "defendant".

2

II      FACTUAL BACKGROUND

As noted, plaintiff alleges that he began working for DMV in 1992 and, at the time of his termination from DMV's employment in January of 2000, was a Management Analyst 2. Complaint ¶¶ 1, 19, 22. Sixty days prior to his termination, plaintiff claims he had complained to the defendant Ursin that he was being treated differently because of his race. Complaint ¶ 27.

Plaintiff asserts that his termination was based on trumped up charges of sexual harassment and misuse of state property including telephones and computer equipment. Complaint ¶¶ 1, 3, 5, 20, 21. Following his termination, plaintiff filed a grievance pursuant to the applicable collective bargaining. Complaint ¶ 23. On April 25, 2001, the Arbitrator determined there was insufficient evidence to support a finding that plaintiff has engaged in sexual harassment or threatening as the DMV had charged. The Arbitrator vacated the termination and reinstated plaintiff but imposed a sixty (60) day suspension because "just cause" was found with respect to the charge that plaintiff has engaged in misuse of state property. Complaint ¶¶ 1, 3, 20, 23, 24.

Plaintiff claims that after he was terminated two white male Management Analysts were promoted and, but for this termination, he should have been promoted too. Complaint ¶¶ 25, 26. Plaintiff alleges that he has satisfied all of the jurisdictional prerequisites for filing this action under Title VII by "filing charges with the Connecticut Commission on Human Rights and Opportunities "CCHRO" and the Equal Employment Opportunities Commission (EEOC),. A right to sue letter as issued by EEOC on September 16, 2002 . . . ." Complaint ¶ 12.

III.  ARGUMENT

    A.  **Standards Governing Motion To Dismiss.**

When considering a Rule 12(b) motion to dismiss, the Court accepts as true all factual allegations in the complaint and draws inferences from these allegations in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 94 S. Ct. 1683, 1686 (1974); Easton v. Sundram, 947 F. 2d 1011, 1014-15 (2d Cir. 1991), cert. denied, 504 U.S. 911, 112 S. Ct. 1943 (1992). The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Younger v. Chernovetz, 792 F.Supp. 173, 174 (D. Conn. 1992) (quoting Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F. 2d 774, 779 (2d Cir. 1984)). Dismissal is warranted only if, under any set of facts that the plaintiff can prove consistent with the allegations, it is clear that no relief can be granted. See Hishon v. King & Spaulding, 467 U.S. 69, 104 S. Ct. 2229, 2232 (1984); Frasier v. General Electric Co., 930 F. 2d 1004, 1007 (2d Cir. 1991).

    To survive a motion to dismiss, a complaint must state the claims and the basis for them with a level of specificity sufficient to provide the defendant fair notice and show that the substance of the claims is sufficient to proceed to the introduction of evidence. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Conley v. Gibson, 355 U.S. 41, 47 (1957). The Federal Rules do not allow the substitution of conclusory statements "for minimally sufficient factual allegations." Furlong v. Long Island College Hosp., 710 F. 2d 922, 927 (2d Cir. 1983). "In practice 'a complaint…must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'" Telstat v.

4

Entertainment & Sports Programming Network, 753 F. Supp. 109, 111 (S.D.N.Y. 1990) (citation omitted).

**B.     The Plaintiff Has Failed To Satisfy The Statutory Prerequisites To Suit Under Title VII.**

Prior to filing a court action for damages under Title VII, a plaintiff is required to exhaust administrative remedies by filing a charge with the Equal Employment Opportunity Commission (EEOC). See 42 U.S.C. § 2000e-5; Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982); Brown v. General Servs. Admin., 425 U.S. 820, 832-33 (1976). First, a plaintiff must file a complaint with a state or local fair employment opportunity commission if one exists. See 42 U.S.C. § 2000e-5(c); Great Am. Fed. Sav. & Loan Ass'n. v. Novotny, 442 U.S. 366, 373 (1979). Second, the plaintiff must file a timely charge of discrimination with the EEOC. See 42 U.S.C. § 2000e-5(e). Finally, the plaintiff must receive a right to sue letter from the EEOC and act upon it to file suit within 90 days. See 42 U.S.C. § 2000e-5(f)(1); Baldwin County Welcome Ctr. V. Brown, 466 U.S. 147, 152 (1984); Alexander v. Gardner-Denver Co., 415 U.S. 36, 47 (1974).

When a plaintiff first files discrimination charges with a state agency such as CCHRO, he must eventually file charges with the EEOC within 300 days after the last alleged unlawful act comprising her Title VII claim. See 42 U.S.C. § 2000e-5(e)(1); Butts v. City of New York Dep't. Of Hous. Preservation and Dev., 990 F.2d 1397, 1401 (2d Cir. 1993). If the plaintiff requests that the state agency file the charge with the EEOC, the charge will be deemed to have been filed 60 days after it is filed with the state agency. See 29 C.F.R. § 1601.13(b)(1).

The plaintiff bears the burden of establishing the existence of all jurisdictional prerequisites and conditions precedent to suit. Fed. R. Civ. P. 8(a), 9(c). "Absent a legitimate waiver, estoppel, or equitable tolling, failure to file an agency charge within the applicable time period precludes a plaintiff from bringing a Title VII suit in federal court." Yoonessi v. State

Univ. of New York, 862 F. Supp. 1005, 1013 (W.D.N.Y. 1994). This plaintiff has failed to establish that the employment discrimination charges were timely filed with the EEOC.

The complaint merely contains the conclusory allegation that "[t]he plaintiff has complied with all of the procedural prerequisites to suit under the statutes aforementioned." Complaint ¶ 12. The complaint does not state when the charges were filed. Nor does it state who the charges were filed against, or what factual allegations were made, or under what statutory authority plaintiff was seeking relief. "A district court only has jurisdiction to hear Title VII claims that either are included in an EEOC charge or are based on conduct subsequent to the EEOC charge which is 'reasonably related' to that alleged in the EEOC charge . . . . This exhaustion requirement is an essential element of Title VII's statutory scheme." Butts, 990 F.2d 1401.

To withstand a motion to dismiss, a complaint must allege facts setting forth all of the essential elements of a viable legal theory. See Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988); Gray v. County of Dane, 854 F.2d 179, 182 (7th Cir. 1988). While the federal rules envision a liberal pleading standard, bald assertions and conclusions of law will not defeat a motion to dismiss. See Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996); Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996). Courts may not assume that a litigant can prove facts not alleged or that the defendant has violated laws in ways that the litigant has not pleaded. See Papson v. Allain, 478 U.S. 265, 286 (1986); Associated Gen. Contractors v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). "A complaint which consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6)." DeJesus v. Sears, Roebuck & Co., 87 F.3d 65, 70 (2d Cir. 1996).

Plaintiff's complaint is nearly devoid of dates of the alleged discriminatory acts. The EEOC charge may encompass only those acts occurring within 300 days of the date on which the charge is filed with EEOC. To determine the timeliness of an EEOC complaint and an ensuing lawsuit, the Court must identify the dates on which the alleged discriminatory acts took place, Delaware State College v. Ricks, 449 U.S. 250, 252-62 (1980), and compare those dates with the

date in which the EEOC charge was filed. The court cannot make a determination based upon plaintiff's complaint because plaintiff fails to allege when he filed his administrative agency complaints. See Quinn v. Greentree Credit Corp., 159 F. 3d 759, 765 (2d Cir. 1998). Because plaintiff fails to allege an essential element of his Title VII claim, the defendants respectfully request that the Title VII claim be dismissed.

### C. The Title VII Claim Cannot Be Asserted Against The Defendants Ursin and Salinas.

Title VII permits recovery for violations of its provisions exclusively from <u>employers</u>. Title VII, 42 U.S.C. § 2000e(b). The rationale for this decision rests with the definition of the term "employer", which limits liability to employers with more than 15 employees. Our Circuit adopted the following analysis when it first determined that there was no individual liability under Title VII:

> "[C]ongress did not want to burden small entities with the costs associated with litigating discrimination claims. If Congress decided to protect small entities with limited resources from liability, it in inconceivable that Congress intended to allow civil liability to run against individual employees."

Tomka v. Seiler Corp., 66 F.3d 1295, 1314 (2d Cir. 1997), quoting Miller v. Maxwell's Int'l. Inc., 991 F.2d 583, 587 (9th Cir. 1993), cert. denied ___U.S.___, 114 S.Ct. 1049 (1994).

There is no individual liability against supervisory employees under Title VII. Under Tomka v. Seiler Corp., 66 F.2d at 1314, the Second Circuit concluded "that Congress never intended to hold agents [of employers] individually liable for Title VII violations." See also, McBride v. Routh, 51 F. Supp. 2d 153 (D. Conn. 1999)(State official could not be held individually liable in her official capacity under Title VII).

7

**D. To The Extent That Plaintiff Seeks Money Damages Against DMV and Ursin and Salinas In Their Official Capacities, This Action Must Be Dismissed Pursuant To The Eleventh Amendment.**

While it is entirely unclear from plaintiff's complaint as to whether he may be seeking damages under 42 U.S.C. § 1981 and/or 42 U.S.C. § 1983, it is clear that under either statutory section the Eleventh Amendment bars his claims against DMV and the individual defendants in their official capacities.[2]

To the extent that the plaintiff seeks monetary damages from the defendants in their official capacity and the DMV, this Court lacks subject matter jurisdiction over such claim pursuant to the Eleventh Amendment. Generally, a suit for recovery of money may not be maintained against the state itself, or against any agency or department of the state, unless the state has waived its sovereign immunity under the Eleventh Amendment. Florida Dept. of State v. Treasure Salvors, Inc., 458 U.S. 670, 684, 102 S.Ct. 3304, 73 L.Ed.2d 1057, (1982). An action brought pursuant to 42 U.S.C. § 1983 or 42 U.S.C. § 1981 does not override a state's Eleventh Amendment immunity. Quern v. Jordan, 440 U.S. 332, 342, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979); Yoonessi v. State Univ. of N.Y., 56 F. 3d 10 (2d Cir. 1995) (Eleventh Amendment bars claims under 42 U.S.C. § 1981 as well). The Eleventh Amendment immunity which protects the state from suits for monetary relief also protects state officials sued for money damages in their official capacity. Kentucky v. Graham, 473 U.S. 159, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). A suit against a defendant in his official capacity is generally a suit against the state if any recovery would be expended from the public treasury. Pennhurst State School & Hospital, et al. v. Halderman, et al., 465 U.S. 89, 101, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). "[A] suit against state officials that is in fact against a State is barred regardless of whether it

---

[2] Nowhere in the Complaint does plaintiff mention 42 U.S.C. § 1983. In ¶ 11, plaintiff states that the Court has jurisdiction, in part, pursuant to 42 U.S.C. § 1981a.

8

seeks damages or injunctive relief." Id., citing Cory v. White, 457 U.S. 85, 91, 102 S.Ct. 2325, 2329, 72 L.Ed.2d 694 (1982).

### E.  In Any Event, Plaintiff Fails To State A Claim Under § 1981.

The plaintiff's claims of racial discrimination are not cognizable under 42 U.S.C. § 1981 since the United States Supreme Court has already ruled that § 1981 does not afford an independent basis for a claim against a state defendant. In Jett v. Dallas Independent School District, the Court held that 42 U.S.C. § 1983 "provides the exclusive federal damages remedy for the violation of the rights guaranteed by § 1981 when the claim is pressed against a state actor." Jett v. Dallas Independent School District, 491 U.S. 701, 735, 109 S.Ct. 2702, 2723, 105 L.Ed.2d 598 (1989)(emphasis added). In other words, there is no independent cause of action available. As Jett makes clear, relief for violations of 42 U.S.C. § 1981 can be obtained through 42 U.S.C. § 1983 only.

### F.  To The Extent That The Complaint Can Be Read To Attempt To Assert A Claim Under 42 U.S.C. § 1983 for Denial of Equal Protection, Plaintiff Fails To State A Claim.

Plaintiff's Equal Protection claim revolves around, and is solely dependent on, his claim that he was retaliated against after he complained of disparate treatment in November of 1999.

However, the constitutional right to equal protection does not encompass, nor does it create, a substantive right against retaliation. Bernheim v. Litt, 79 F.3d 318, 323 (2nd Cir. 1996); Ratliff v. DeKalb County, 62 F.3d 338, 340-41 (11th Cir. 1995)(no established right under equal protection clause to be free from retaliation for complaints of gender discrimination); Gray v. Lacke, 885 F.2d 399, 414 (7th Cir. 1989)("[R]ight to be free from retaliation for having filed a complaint with EEOC is a right remedied exclusively by Title VII"). A cause of action for retaliation is a statutory right created under Title VII that can only be remedied through that

statutory scheme. Accordingly, the plaintiff's attempt to remedy a violation of Title VII through § 1983 is improper and to the extent that the complaint attempts to do so it must be dismissed.

### G. The Complaint Against The Defendant Salinas In His Individual Capacity Must be Dismissed For Insufficient Service of Process.

"A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint." 4 C. Wright & A. Miller, Federal Practice and Procedure § 1353 (1990). The summons and complaint were not properly served on Mr. Williamson. The federal rules provide that service upon an individual may be made by in-hand service, abode service, by request to waive, or pursuant to the law of the state in which the district is located. Fed. R. Civ. P. 4(e). In Connecticut, service may be made on an individual by in-hand service or abode service. Conn. Gen. Stat. § 52-27(a). In this instant matter, the defendant Salinas was never served with the Complaint. See Affidavit of Jose Salinas appended hereto as Exhibit "A".

The Second Circuit addressed the issue of improper service in <u>Kirkendall v. University of Connecticut Health Center</u>, 2000 U.S. App. LEXIS 1252 (2d Cir. 2000). In that matter the plaintiff, Donna Kirkendall, brought suit against the UConn Health Center and individual defendants in their individual capacity. The claims against the named defendants were dismissed for improper service. The Second Circuit, in affirming the District Court ruling, said:

> ...because the individual defendants did not receive service of process in their personal capacities. The Federal Rules of Civil procedure that an individual may be served pursuant to the law of the state for service upon a defendant in state court or be delivering the summons and complaint to the individual or his dwelling or an authorized agent. See Fed. R. Civ. P. 4(e). While Connecticut General Statutes § 52-64 allows for service against the state and its agents by leaving an attested copy of the process and complaint with the Attorney General in Hartford, this is not an appropriate method of service for the individual defendants in their personal capacities. Connecticut General Statutes § 52-57(a) requires that service of civil process on individuals be made by leaving the process and the complaint "with the defendant, or at his usual place of abode."

Ms. Kirkendall served process on the individual defendants by depositing the summons and complaint with the Attorney General's office in Hartford, Connecticut. Consequently, the District Court did not have personal jurisdiction over the individual defendants in their individual capacities and properly dismissed the claims against them without prejudice. See <u>Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.</u>, 484 U.S. 97, 104, 98 L. Ed. 2d 415, 108 S. Ct. 404 (1987).

<u>Id</u>.

The complaint against defendant Salinas in his individual capacity was not served in accordance with the above standard. The claims against Salinas in his official capacity must be dismissed because the state is immune from suit as demonstrated above. The complaint should therefore be dismissed for insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5).[3]

IV.   <u>CONCLUSION</u>

Even assuming, <u>arguendo</u>, the truth of all the facts in the complaint, the plaintiff's claims in his Second Amended Complaint must be dismissed in accordance with this Memorandum.

DEFENDANTS,
STATE OF CONNECTICUT
DEPARTMENT OF MOTOR VEHICLES,
DALE URSIN (individual capacity) and
JOSE SALINAS (individual capacity)

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____
Edward F. Osswalt
Assistant Attorney General
55 Elm Street - P. O. Box 120
Hartford, CT 06141-0120
Tel: (860) 808-5340
Fax: (860) 808-5383
E-Mail:Edward.Osswalt@po.state.ct.us
Federal Bar No.: ct 15252

---

[3] It is also clear that plaintiff does not allege the defendant's personal involvement in any constitutional or federal statutory deprivation in his complaint. The only reference to Salinas is in ¶ 16 of the complaint.

## **CERTIFICATION**

I hereby certify that a copy of the foregoing Defendants' Memorandum of Law In Support of Their Motion to Dismiss Second Amended Complaint was mailed, first class postage prepaid, this 20th day of October, 2003 to:

Kimberly A. Graham
Attorney At Law
621 Farmington Avenue
Hartford, CT  06105

Edward F. Osswalt
Commissioner of the Superior Court

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VINCENT LEE,<br>*Plaintiff* | : | CIVIL ACTION NO.<br>3:02CV2214 (AWT) |
| v. | : | |
| STATE OF CONNECTICUT<br>DEPARTMENT OF MOTOR VEHICLES,<br>DALE URSIN (official and individual<br>capacity) JOSE SALINAS (official<br>and individual capacity),<br>*Defendants* | : | August 13, 2003 |

## AFFIDAVIT OF JOSE SALINAS

I, JOSE SALINAS, having been duly sworn deposes and says:

1. I am over 18 years of age and believe in the obligation of an oath and have personal knowledge of the facts herein contained.

2. I am currently an Assistant Attorney General in the Attorney General's Office assigned to the Transportation Department. I was formerly the Commissioner of the State of Connecticut, Department of Motor Vehicles, serving in that capacity for three and-a-half years.

3. I was the Commissioner of the Department of Motor Vehicles during the time relevant to the above-captioned matter.

4. Upon information and belief, on or about April 10, 2003, a summons in the above-captioned matter was delivered to the seventh floor of the Attorney General's Office and delivered into the hands of Phyllis L. Carella, receptionist for the Attorney General.

Exhibit A

5. Ms. Carella was neither authorized nor ever given authorization by me to accept service for me as a named defendant in the Amended Complaint in my <u>individual capacity</u>.

6. I have never been served in my individual capacity pursuant to Fed. R. Civ. P. 4(e)(2).

7. I have read the foregoing statements and swear that they are true to the best of my knowledge and belief.

*Jose O. Salinas*
Jose Salinas
Former Commissioner
Department of Motor Vehicles

STATE OF CONNECTICUT    )
                        )   ss. HARTFORD
COUNTY OF HARTFORD      )

Sworn and subscribed to before me on this 13th day of August, 2003..

*Leonard Auster*
LEONARD AUSTER
~~Commissioner of the Superior Court~~
Notary Public
Commission Expires_____

**LEONARD AUSTER**
*NOTARY PUBLIC*
MY COMMISSION EXPIRES JAN. 31, 2004

2