UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

VINCENT LEE                                    CIVIL ACTION
    **PLAINTIFF**                              NO. 302CV2214 (AWT)

VS.

STATE OF CONNECTICUT/
DEPARTMENT OF MOTOR VEHICLES
DALE URSIN (Individual Capacity)

    **DEFENDANTS**                          DECEMBER 3, 2003

## THIRD AMENDED COMPLAINT

**I.   BACKGROUND**

1.   Plaintiff, Vincent Lee is an African-American male whose color is Black. At all times pertinent to this complaint, the plaintiff was employed by the defendant, State of Connecticut, Department of Motor Vehicles (hereinafter, DMV) until he was laid off in January, 2003.

2.   Plaintiff began his employment with the State of Connecticut in 1988 and began working with the DMV in 1992. Throughout his period of employment with the defendant, State, plaintiff enjoyed an unblemished employment history until he received the ultimate in discipline (termination) on January 25, 2000; such discipline was later reduced to a sixty day suspension by an arbitrator and by an arbitrator pursuant to the parties' collective bargaining agreement.

3. Pursuant to arbitrator's decision, plaintiff was suspended for 60 days.

4. Plaintiff alleges that his termination and subsequent suspension were based on race discrimination and disparate treatment. The discipline as issued was arbitrary and capricious.

5. There was no rational basis for the disparate treatment as issued and imposed upon the plaintiff as compared to similarly situated white employees.

6. On January 25, 2000, plaintiff's employment was terminated for alleged, deliberate misuse of State telephones and a computer and for threatening, harassing and sexually harassing members of the public and misusing state time to conduct personal business.

7. At the time of his termination on January 25, 2000, plaintiff was employed as a Management Analyst 2 in the DMV's Human Resources Division and was the sole minority person to be employed in such a capacity.

8. As a Management Analyst, plaintiff was considered to be a, "professional" employee.

9. At about the time of plaintiff's termination in January, 2000, there were approximately 120 professional employees, only three of which, were Black males.

10. In November, 1999, approximately sixty days prior to his termination, plaintiff complained to his supervisor, Dale Ursin that he, (plaintiff) was being treated differently and requested an explanation as to the reason for such a disparate treatment.

11. At all times, plaintiff denied the allegations made by the defendant of, threatening, harassment and sexual harassment of members of the public. In spite of his denials and unblemished work history, plaintiff was terminated on January 25, 2000.

12. Subsequent to his termination, plaintiff filed a grievance challenging the discipline imposed against him. The grievance went to arbitration pursuant to plaintiff's collective bargaining agreement. An arbitrator, after hearing all of the evidence determined that Plaintiff had been terminated without just cause to believe that the Plaintiff had engaged in conduct constituting sexual harassment, and/or threats and therefore determined that there had not been just cause for him to receive the ultimate discipline. The arbitrator then reduced the discipline to sixty days for misuse of state equipment.

KIMBERLY A. GRAHAM • ATTORNEY AT LAW, L.L.C.
621 FARMINGTON AVENUE • HARTFORD, CT 06105 • (860) 523-9306 • FAX (860) 523-1274 • JURIS NO. 413679

13. Plaintiff is bringing this action because the defendant State, by and through its agents, acting in their official capacities, discriminated against him in the terms and conditions of his employment by disciplining and terminating him on January 25, 2000.

14. He received the ultimate in discipline for a first offense and although he was reinstated to State employment on or about June; he continued to be discriminated against when his termination was reduced to a sixty days suspension for a first offense for misuse of state equipment and time. The sixty days suspension was, in the words of Steven A. Shonta, Labor Relations Manager, "considered the most serious level of discipline short of dismissal".

15. Although other white similarly situated employees were disciplined for misuse of state equipment and time, none received a sixty days suspension for a first offense.

16. Subsequent to plaintiff's termination on January 25, 2000, the only other two management analysts (both white males) employed by the defendant, DMV were promoted. But for the discipline imposed on plaintiff, upon information and belief, plaintiff would have had to have been promoted as well as he enjoyed more seniority with defendant than the other two white males.

17. Further, but for plaintiff's discipline in January 25, 2000, he would not have been subjected to a layoff in January, 2003.

18. By engaging in acts of intentional race discrimination in the workplace, the defendants have violated the plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e and violated plaintiff's rights to Equal Protection under the Fourteenth Amendment to the U.S. Constitution.

## II. JURISDICTION

19. Plaintiff brings this action against the defendant, State of CT/DMV, pursuant to Title VII of the Civil Rights Act, 42 U.S.C. 2000e et. seq., for employment discrimination on the basis of race, color and retaliation. Plaintiff brings this action against the defendant Ursin, in his individual capacity, for violating the plaintiff's right to equal protection under the Fourteen Amendment to the U.S. Constitution pursuant to 42 U.S.C. Section 1983. This court has jurisdiction over these matters pursuant to 28 U.S.C. Sections 1331 and 1343 (3) (4) and 42 U.S.C. Sections 1983 and 1988.

20. Plaintiff has satisfied all of the jurisdictional prerequisites for filing this action under Title VII of the Civil Rights Act of 1964 as amended by timely filing a complaint with the state's civil rights agency, Commission on Human Rights and Opportunities (hereinafter, CHRO) on February 24,

2000. Pursuant to a work sharing agreement with the EEOC, plaintiff's complaint was also timely filed with the EEOC. The CHRO dismissed the complaint on May 6, 2002 and a right to sue letter was issued by the EEOC on September 16, 2002.

### III. PARTIES

21. Plaintiff, Vincent Lee is an African American male, who was at all times relevant to this action, residing n Hartford, CT. Mr. Lee was formerly employed by the DMV. He was terminated on January 25, 2000 amidst allegations of threatening, harassment, sexual harassment against members of the public and for misuse of state equipment and state time. He was reinstated to state employment pursuant to an Arbitrator's decision and the discipline was changed to a sixty days suspension for misuse of state equipment and state time. After being reinstated to his position, Mr. Lee was still treated differently and was subsequently laid off. But for the discipline he received in January 2000, and the time that he lost in connection thereto, Mr. Lee would not have been subject to layoff.

22. The defendant, DMV is a Connecticut state agency, organized and existing pursuant to the laws of the State of Connecticut and is duly authorized to conduct business in the State of Connecticut. At all times pertinent to this complaint, the Defendant was the Plaintiff's employer.

23. Dale Ursin, a white male was formerly employed by the Department of Motor Vehicles as the agency's Human Resources Director. As Human Resources Director, Mr. Ursin was Plaintiff's supervisor and made the recommendation and/or decision to terminate the Plaintiff. In, November, 1999, Plaintiff complained to Mr. Ursin that he was being treated differently. Defendant Ursin is being sued in his individual capacity.

## IV. STATEMENT OF FACTS

24. Plaintiff is an African-American male whose color is Black and who, at all times pertinent to this complaint was employed by the defendant, State of CT, DMV.

25. At all times relevant hereto, (other than the incident which is the subject of this complaint), plaintiff enjoyed an unblemished work record with the defendant. He performed his job competently and satisfactorily, if not better.

26. Plaintiff had been employed by the Defendant, DMV since 1992 as a Management Analyst 2. As a Management Analyst 2, plaintiff was a professional employee.

27. Plaintiff was one of three Black male professionals employed by DMV out of a total of approximately 120 professional persons.

KIMBERLY A. GRAHAM • ATTORNEY AT LAW, L.L.C.
621 FARMINGTON AVENUE • HARTFORD, CT 06105 • (860) 523-9306 • FAX (860) 523-1274 • JURIS NO. 413679

28. Plaintiff was the sole Black person employed as a Management Analyst.

29. In total, there were three Management Analysts, the other two were white males, Daniel and Mark Silbo.

30. In November, 1999, plaintiff complained to his supervisor, Dale Ursin that he (plaintiff) was being disparately treated as he was not invited to attend meetings with his department as were Daniel and Mark Silbo.

31. In January, 2000, after returning from vacation, plaintiff was informed that he was being accused of threatening, harassment and sexual harassment. Plaintiff was immediately placed on suspension.

32. At all times, plaintiff denied the accusations made against him with regard to threats and harassment and to corroborate his denials, plaintiff provided the defendants with a list of telephone calls received, police reports and his motion for a temporary restraining order against his former girlfriend.

33. Plaintiff admitted talking to or attempting to talk to his former girlfriend on state time but denied any allegations of threats and/or harassment.

KIMBERLY A. GRAHAM • ATTORNEY AT LAW, L.L.C.
621 FARMINGTON AVENUE • HARTFORD, CT 06105 • (860) 523-9306 • FAX (860) 523-1274 • JURIS NO. 413679

34. On January 25, 2000, plaintiff's employment was terminated for alleged, deliberate misuse of State telephones and a computer and for threatening, harassing and sexually harassing members of the public and misusing state time to conduct personal business.

35. Plaintiff filed a grievance to contest his termination pursuant to his collective bargaining agreement.

36. The grievance Was ultimately heard by an arbitrator, who, after hearing all of the evidence determined that Plaintiff had been terminated without just cause to believe that he (plaintiff) had engaged in conduct constituting sexual harassment, and/or threats and therefore determined that there had not been just cause for him to receive the ultimate discipline. The arbitrator, in a decision issued April 12, 2001, reduced the discipline to sixty calendar day suspension for misuse of state equipment.

37. While persons similarly situated to plaintiff were not terminated.

38. White persons similarly situated to plaintiff were not suspended.

39. Defendant, Ursin did not recommend termination or suspension for while persons similarly situated.

9

Kimberly A. Graham • Attorney At Law, L.L.C.
621 Farmington Avenue • Hartford, CT 06105 • (860) 523-9306 • Fax (860) 523-1274 • Juris No. 413679

40. Within months of plaintiff's termination in January, 2000, the other two Management Analysts (Daniel and Mark Silbo) were promoted. The Silbos have continued to advance within the Department.

41. Plaintiff had more seniority with the state than did his two white male colleagues who were promoted. Upon information and belief, but for his termination on January 25, 2000, plaintiff would have been promoted as well.

42. Subsequent to his return to work, plaintiff was ostracized by the defendants and forced to work in an area, separate and apart from his colleagues.

43. Upon information and belief, the plaintiff would not have been subject to a layoff but for the discipline he received in January, 2000.

## V. CLAIMS FOR RELIEF

### A. FIRST CLAIM FOR RELIEF – DISCRIMINATION IN VIOLATION OF TITLE VII (As to defendant, State)

44. Paragraphs 1-43 are incorporated herein by reference.

45. By engaging in acts of intentional discrimination in the workplace against the plaintiff, the defendants have violated his rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e et. seq.

10

**B. SECOND CLAIM FOR RELIEF – RETALIATION FOR DISCRIMINATION COMPLAINTS IN VIOLATION OF TITLE VII (As to defendant, State)**

46. Paragraphs 1-45 are incorporated herein by reference.

47. By engaging in acts of intentional retaliating terminating conduct in the workplace, the defendant violated his rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S. C. Section 2000e et. seq.

**C. THIRD CLAIM FOR RELIEF – VIOLATION OF RIGHT TO EQUAL PROTECTION AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION (As to defendant, Ursin in his individual capacity)**

48. By acting under color of law and intentionally treating the plaintiff differently from other white males similarly situated, the defendant has violated the plaintiff's right to equal protection guaranteed under the Fourth Amendment.

**D. FOURTH CLAIM FOR RELIEF – VIOLATION OF RIGHT TO EQUAL PROTECTION AS GUARANTED BY THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION (As to defendant, Ursin in his individual capacity)**

49. By acting under color of law and intentionally treating the plaintiff, arbitrarily and differently from other persons, with no rational

11

KIMBERLY A. GRAHAM • ATTORNEY AT LAW, L.L.C.
621 FARMINGTON AVENUE • HARTFORD, CT 06105 • (860) 523-9306 • FAX (860) 523-1274 • JURIS NO. 413679

basis for such disparate treatment, the defendants have violated the plaintiff's right to equal protection as guaranteed by the Fourteenth Amendment to the U.S. Constitution.

## V. REQUEST FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests that this Court:

1. Assume jurisdiction over this matter.

2. Issue a declaratory judgment that:

   a. The defendants have discriminated against the plaintiff on the basis of his race and/or color by subjecting him to terms and conditions of employment different from those applied to employees who are white by terminating him and/or by subsequently suspending him for 60 days after his termination was overturned.

   b. Defendants' acts of intentional racial discrimination in the workplace against the plaintiff have violated his rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e-(5)g.

3. Enter preliminary and permanent injunctions requiring that the defendant and its agents:

   a. Cease and desist from their discriminatory actions against the plaintiff;

KIMBERLY A. GRAHAM • ATTORNEY AT LAW, L.L.C.
621 FARMINGTON AVENUE • HARTFORD, CT 06105 • (860) 523-9306 • FAX (860) 523-1274 • JURIS NO. 413679

      b.    Pay to plaintiff forthwith monetary damages to compensate him for the loss of wages, (back pay and final pay) anticipated raises and fringe benefits, with interest from the dates when said sums were due until the judgment is paid;

      4.    Award the plaintiff, actual, compensatory and punitive damages.

      5.    Award the plaintiff reasonable attorney's fees and costs.

      6.    Award the plaintiff such other and further relief as justice may require.

## VI.   JURY DEMAND

Plaintiff, Vincent Lee, hereby demands a trial by jury as to all issues.

PLAINTIFF, VINCENT LEE

BY _____
KIMBERLY A. GRAHAM,
Attorney at Law, LLC
621 Farmington Avenue
Hartford, CT 06105
(860) 523-9306
Juris No. ct11920

KIMBERLY A. GRAHAM • ATTORNEY AT LAW, L.L.C.
621 FARMINGTON AVENUE • HARTFORD, CT 06105 • (860) 523-9306 • FAX (860) 523-1274 • JURIS NO. 413679