UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VINCENT LEE, | : | CIVIL ACTION NO. 3:02CV2214(AWT) |
| *Plaintiff* | : | |
| | : | |
| v. | : | |
| | : | |
| STATE OF CONNECTICUT | : | |
| DEPARTMENT OF MOTOR VEHICLES, | : | |
| and DALE URSIN, | : | |
| *Defendants* | : | FEBRUARY 20, 2004 |

**ANSWER AND AFFIRMATIVE DEFENSES
OF DEFENDANTS, STATE OF CONNECTICUT
DEPARTMENT OF MOTOR VEHICLES AND DALE URSIN**

COMES NOW the defendants, State of Connecticut, Department of Motor Vehicles and Dale Ursin, and for their Answers and Affirmative Defenses to the plaintiff's Third Amended Complaint dated December 3, 2003 state as follows:

**I.    BACKGROUND**

1.    Paragraph 1 is admitted.

2.    Defendants admit only that plaintiff began working for the defendant Department of Motor Vehicles (hereinafter "DMV") in 1992 and that his performance evaluations through September of 1999 were at the level of "satisfactory" or better. Defendant DMV admits that it terminated plaintiff on or about January 25, 2000 and that such termination was later reduced to a sixty (60) day suspension by an Arbitrator after arbitration pursuant to a collective bargaining agreement (CBA).

3.    Paragraph 3 is admitted.

4.    Defendants deny that plaintiff's termination was based on race discrimination and disparate treatment or that the discipline issued was arbitrary and capricious.

5.  Paragraph 5 is denied.

6.  Paragraph 6 is admitted.

7.  Paragraph 7 is admitted.

8.  The defendants admit only that the Management Analyst classification in state service carries an "EEO" designation of "professional".

9.  Defendants have insufficient information upon which to form a belief as to the allegations contained in this paragraph 9 and therefore leave the plaintiff to his proof.

10. Defendants have insufficient information upon which to form a belief as to the allegations contained in this paragraph 10 and therefore leave the plaintiff to his proof.

11. Defendants admit only that plaintiff was terminated from Department of Motor Vehicles employment on or about January 25, 2000. Deny remaining allegations of paragraph 11.

12. Defendants admit only that plaintiff filed a grievance challenging his termination and that an Arbitrator reduced the discipline from termination to a sixty (60) day suspension. Defendants have insufficient information as to any remaining allegations and leave plaintiff to his proof.

13. Paragraph 13 is denied insofar as it alleges that the defendants discriminated against plaintiff in the terms and conditions of his employment. Defendant's have insufficient information to form a belief as to plaintiff's motivation in bringing this action and therefore leave plaintiff to his proof.

14. Paragraph 14 consists of legal conclusions to which no response is required. To the extent that paragraph 14 contains proper allegations of fact it is denied.

15. Defendants deny paragraph 15 to the extent it alleges that similarly situated white employees were treated differently than plaintiff.

16. Paragraph 16 is admitted to the extent that it alleges that two white male management analysts were promoted subsequent to plaintiff's termination.

17. Paragraph 17 is denied.

18. Paragraph 18 is denied.

## II. JURISDICTION

19. Paragraph 19 is denied.

20. Paragraph 20 is denied insofar as it alleges that plaintiff has satisfied all the jurisdictional prerequisites for filing this action under Title VII of the Civil Rights Act of 1964 as amended. Defendants admit that the Connecticut Commission on Human Rights and Opportunities dismissed plaintiff's complaint on May 6, 2002 and that a right to sue letter was issued by EEOC on September 16, 2002.

## III. PARTIES

21. Defendants admit only that plaintiff is an African American male who was at all times relevant to this action 1a resident of Hartford, CT. Defendants further admit that plaintiff was an employee of DMV who was terminated on January 25, 2000 for misusing state equipment and state time to threaten and harass members of the public. Defendants further admit that an Arbitrator reduced the discipline form termination to a sixty (60) day suspension. The rest and remaining allegations contained in paragraph 21 are denied.

22. The defendants admit that the defendant DMV was plaintiff's employer and that DMV is a Connecticut state agency.

23. The defendants admit that the defendant Ursin was formerly employed by the DMV as Human Resources Director and that he is sued in his individual capacity. Defendants deny the remaining allegations contained in this paragraph 23.

## IV. **STATEMENT OF FACTS**

24. Paragraph 24 is admitted.

25. Defendants admit only that plaintiff's performance evaluations through September of 1999 were satisfactory or better.

26. Defendants admit only that plaintiff was employed as a Management Analyst 2 and that such classification carried an "EEO" designation of "professional".

27. Defendants are unable to form a belief as to the allegations contained in paragraph 27 that plaintiff was one of three Black males employed by DMV out of a total approximately 120 "professional" persons and therefore leave plaintiff to his proof.

28. Defendants are unable to form a belief as to the allegations contained in paragraph 28 and therefore leave plaintiff to his proof.

29. Defendants admit only that at various times there were three Management Analysts within the Human Resources Department of DMV and that Daniel and Mark Silbo are white males.

30. Paragraph 30 is denied.

31. Defendants admit that plaintiff was placed on administrative leave with pay in early January of 2000 pending an investigation.

32. Defendants admit that plaintiff denied charges that he misused state equipment and time for the purpose of making threats and harassing third parties.

33. Defendants admit that plaintiff admitted to misusing state equipment and time.

34. Paragraph 34 is admitted.

35. Paragraph 35 is admitted.

36. Defendants admit only that an Arbitrator reduced plaintiff's termination to a sixty (60) day suspension because the Arbitrator felt that there was insufficient evidence to support a finding that plaintiff had threatened and sexually harassed third parties.

37. Paragraph 37 is denied.

38. Paragraph 38 is denied.

39. Paragraph 39 is denied.

40. Paragraph 40 is admitted to the extent that Daniel and Mark Silbo received promotion.

41. Paragraph 41 is denied.

42. Paragraph 42 is denied.

43. Paragraph 43 is denied.

**CLAIMS FOR RELIEF**

    **A.    FIRST CLAIM FOR RELIEF – DISCRIMINATION IN VIOLATION OF TITLE VII (as to defendant, State).**

44. The defendants' answers to paragraphs 1-43 are hereby made its answers to Paragraph 44 as if fully set forth herein.

45. Paragraph 45 is denied.

    **B.    SECOND CLAIM FOR RELIEF – RETALIATION FOR DISCRIMINATION COMPLAINTS IN VIOLATION OF TITLE VII (As to defendant, State).**

46. The defendants answers to paragraphs 1-45 of the Complaint are hereby made their Answers to paragraph 46 as if fully set forth herein.

47. Paragraph 47 is denied.

      C.    **THIRD CLAIM FOR RELIEF – VIOLATION OF RIGHT TO EQUAL PROTECTION AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION (As to defendant Ursin in his individual capacity).**

48.    Paragraph 48 is denied.

      D.    **FOURTH CLAIM FOR RELIEF – VIOLATION OF RIGHT TO EQUAL PROTECTION AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION (As to defendant Ursin in his individual capacity).**

49.    Paragraph 49 is denied.

**V.    REQUESTS FOR RELIEF**

Paragraphs 1-6 inclusive of the Requests for Relief are denied.

**VI.    JURY DEMAND**

The defendants deny that plaintiff is entitled to a jury trial.

**FIRST AFFIRMATIVE DEFENSE.**

Defendant Dale Ursin is entitled to immunity from personal liability in his individual capacity under the doctrine of qualified immunity and/or absolute immunity.

**SECOND AFFIRMATIVE DEFENSE**

All Counts of the Complaint are barred because plaintiff has failed to exhaust his administrative remedies.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's complaint fails to state a cause of action upon which relief can be granted.

**FOURTH AFFIRMATIVE DEFENSE**

The plaintiff is precluded from contesting any issues or facts resolved by any and all administrative decisions resolving any and all grievances or complaints related to the allegations of this complaint because a valid and final adjudication by an administrative tribunal has preclusive effect.

**FIFTH AFFIRMATIVE DEFENSE**

The defendants exercised reasonable care to prevent and correct promptly any harassing discriminatory or retaliatory behavior.  The plaintiff unreasonably failed to take advantage of any corrective or protective opportunities provided by the defendant, or to avail harm otherwise.

      RESPECTFULLY SUBMITTED,

      DEFENDANTS,
      STATE OF CONNECTICUT
      DEPARTMENT OF MOTOR VEHICLES,
      AND DALE URSIN

      RICHARD BLUMENTHAL
      ATTORNEY GENERAL

BY: _____
      Edward F. Osswalt
      Assistant Attorney General
      55 Elm Street - P. O. Box 120
      Hartford, CT  06141-0120
      Tel:  (860) 808-5340
      Fax:  (860) 808-5383
      E-Mail:Edward.Osswalt@po.state.ct.us
      Federal Bar No.: ct 15252

**CERTIFICATION**

A copy of the foregoing Answer and Affirmative Defenses of Defendant, State of Connecticut, Department of Motor Vehicles and Dale Ursin, was mail via United States first class, postage prepaid mail on this 20th day of February, 2004, to:

Kimberly A. Graham, Esq.
621 Farmington Avenue
Hartford, CT  06105

_____
Edward F. Osswalt
Assistant Attorney General