UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VINCENT LEE, | : | CIVIL ACTION NO. |
| *Plaintiff* | : | 3:02CV2214(AWT) |
| | : | |
| V. | : | |
| | : | |
| STATE OF CONNECTICUT, | : | |
| DEPARTMENT OF MOTOR VEHICLES | : | |
| AND DALE URSIN, | : | |
| *Defendants* | : | MARCH 12, 2004 |

**DEFENDANTS' REPLY TO PLAINTIFF'S
MOTION TO WAIVE SECURITY FOR COSTS**

COME NOW the defendants and hereby reply to plaintiff's motion to waive security for costs (Doc. # 25), dated March 4, 2004, and amended motion to waive security for costs (Doc. # 26), dated March 8, 2004.

Subsections (a) and (b) of Local Rule 83.3 "**Security For Costs**," provide as follows:

(a)     Security for Costs.

Any time after the commencement of an action, the defendants, or the plaintiffs upon the filing of a counterclaim, are <u>entitled</u> on request to the Clerk to an order to be entered by the Clerk, as of course, for a cash deposit or bond with recognized corporate surety in the sum of $500.00 as security for costs to be given within thirty days from the entry of such order.  Parties who are jointly represented by the same counsel will be deemed to be one party for the purposes of this $500 limitation.  Additional, substituted, or reduced security, or a justification of financial responsibly by any surety, may be ordered by the Court at any time during the pendency of the action for good cause found by the Court. Noncompliance with an order entered hereunder may be grounds for summary dismissal or default upon application by a party and notice to the noncomplying party.

(b)     Modification and Waiver.

Upon <u>good cause shown</u>, the Court may modify or waive the requirements of this Rule. (Emphasis added).

It is clear that the plain language of the Rule leaves the decision to modify or waive its requirements within the sound discretion of the Court upon "good cause shown."  Here, the plaintiff does not present good cause for waiving the defendants' "entitlement" established by Rule 83.3(a) to security for their costs.

Plaintiff's affidavit appended to his March 8, 2004 amended motion (Doc. #26) is wholly insufficient proof of plaintiff's inability to post the security required under Rule 83.3(a).  The affidavit submitted says nothing about the the current state of plaintiff's financial condition.  The affidavit simply states that plaintiff has been unable to maintain full time employment since his layoff in January of 2003 and has expenses, including child support.  The affidavit fails to disclose plaintiff's assets or his potential other sources of income.  See <u>Monti v. McKeon</u>, 600 F. Supp. 112 (D. Conn. 1984) aff'd 788 F.2d 1 (2d Cir. 1985).

Moreover, Plaintiff's contention at ¶ 4 that there is "no risk of monetary harm to either of the defendants" is disingenuous.  The defendants, at the minimum, will incur the expense of taking the plaintiff's deposition that has been noticed.  The posting of the security for costs will ensure that the defendants' expenditures will at least be partially reimbursed when the proceedings conclude.

Plaintiff counsel's argument at ¶ 5 is disingenuous as well.  Local Rule 83.3(a), in pertinent part, states,

> "**<u>Any</u> <u>time</u>** after the commencement of an action, the defendants, or the plaintiff upon the filing of a counterclaim, are entitled on request to the Clerk to an order to be entered by the Clerk, as of course, for a cash deposit or bond with recognized corporate surety in the sum of $500 as security for costs…." (Emphasis added).

Timing of filings of pleadings, respectfully, is not a matter for counsel for the plaintiff to decide.

The defendants do not share counsel's view that the merits of plaintiff's claim is unambiguous and defendants' liability "self-evident". Such considerations are immaterial, in any event, to the issue of whether the defendants are entitled to security for costs under Local Rule 83.3(a). What is relevant is that plaintiff had the financial wherewithal to be able to pay filing fees and obtain private counsel.

WHEREFORE, the defendants respectfully request that the plaintiff's motion to waive security for costs be denied and that the plaintiff be ordered to post bond pursuant to Local Rule 83.3.

          DEFENDANTS
          STATE OF CONNECTICUT,
          DEPARTMENT OF MOTOR VEHICLES,
          and DALE URSIN

          RICHARD BLUMENTHAL,
          ATTORNEY GENERAL

By: _____
Edward F. Osswalt
Assistant Attorney General
Federal Bar No. ct15252
55 Elm Street - P.O. Box 120
Hartford, CT 06141-0120
Tel: (860) 808-5340
Fax.: (860) 808-5383
Email: Edward.Osswalt@po.state.ct.us

3

## CERTIFICATION

I hereby certify that a copy of the foregoing Defendants' Reply to Plaintiff's Motion to Waive Security for Costs was sent via United States mail, first class postage prepaid, this 12th day of March, 2004 to:

Kimberly A. Graham, Esq.
621 Farmington Avenue
Hartford, CT  06105
Tel.: (860) 523-9306

_____
Edward F. Osswalt
Assistant Attorney General