UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VINCENT LEE, | : | CIVIL ACTION NO. |
|    *Plaintiff* | : | 3:02CV2214(AWT) |
| | : | |
| V. | : | |
| | : | |
| STATE OF CONNECTICUT, | : | |
| DEPARTMENT OF MOTOR VEHICLES | : | |
| AND DALE URSIN, | : | |
|    *Defendant*s | : | MARCH 18, 2004 |

### DEFENDANTS' MOTION FOR RECONSIDERATION

COME NOW the defendants and hereby moves for reconsideration of the Court's orders (Doc. #s 28 and 31), both entered on March 12, 2004. In support of their motion, the defendants represent as follows:

1. The standard for granting a motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to a controlling decisions or data that the court overlooked – matters in other words, that might reasonably be expected to alter the conclusion reached by the court. Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

2. The defendants filed, as within their rights, pursuant to Local Rule 83.3, a motion for security for costs on February 13, 2004 (Doc. # 21).

3. The plaintiff first filed a motion to waive security for costs on or about March 4, 2004 (Doc. # 25) with defendants reply due by March 25, 2004.

4. The plaintiff thereafter filed an amended motion to waive security for costs on or about March 10, 2004 (Doc. # 26) with defendants reply due by March 31, 2004.

5. The defendants' deadline for filing a response as cited in ¶ 4 was March 31, 2004. They filed a timely reply dated March 12, 2004, which was entered on the docket by the Court on March 16, 2004 (Doc. # 27).

6. The defendants are aggrieved by the Court's premature rulings and respectfully request that the Court reconsider its rulings.

7. As noted in defendants' reply, the plaintiff has failed to meet the standard for good cause shown. Plaintiff's affidavit simply states that he has been unable to maintain full time employment since his layoff in January of 2003. The affidavit fails to disclose plaintiff's assets and/or liabilities or his potential other sources of income. See, Monti v. McKeon, 600 F. Supp. 112 (D.Conn. 1984) *aff'd* 788 F.2d 1 (2d Cir. 1985).

8. Plaintiff's contentions at ¶¶ 4 and 5 in the motion to waive security for costs are disingenuous. The Employment Rights Department within the Attorney General's Office, to which the above-captioned matter is assigned, has successfully defended a multitude of cases but has met many roadblocks in its attempts in collecting costs incurred in matters in which security bonds were not ordered by the Court.

9. The plaintiff, as cited in defendants' reply brief (Doc. # 27) has the financial wherewithal to be able to pay filing fees and obtain private counsel. The plaintiff is not proceeding in forma pauperis and has not pled as such on the affidavit submitted to the court.

10. Plaintiff's argument regarding the timing of the filing of the pleading for the security for costs is not within its parameters and, respectfully, is not a matter for counsel for the plaintiff to decide.

11. Plaintiff counsel's analysis of the case is not fact, her own self-serving opinion and nevertheless should not be part of the equation regarding a posting of a security bond.

12. The plaintiff has wholly failed to satisfy the standard of "good cause shown" to waive the posting of a security for bond.

WHEREFORE, the defendants respectfully request that the Court reconsider its rulings of March 12, 2004 (Doc. #s 28 and 31) and order the plaintiff to post a security for bond pursuant to Local Rule 83.3.

DEFENDANTS
STATE OF CONNECTICUT,
DEPARTMENT OF MOTOR VEHICLES,
and DALE URSIN

RICHARD BLUMENTHAL,
ATTORNEY GENERAL

By: _____
Edward F. Osswalt
Assistant Attorney General
Federal Bar No. ct15252
55 Elm Street - P.O. Box 120
Hartford, CT 06141-0120
Tel: (860) 808-5340
Fax.: (860) 808-5383
Email: Edward.Osswalt@po.state.ct.us

## CERTIFICATION

I hereby certify that a copy of the foregoing Defendants' Motion for Reconsideration was sent via United States mail, first class postage prepaid, this 18th day of March, 2004 to:

Kimberly A. Graham, Esq.
621 Farmington Avenue
Hartford, CT  06105
Tel.: (860) 523-9306

_____
Edward F. Osswalt
Assistant Attorney General