UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VINCENT LEE,<br>*Plaintiff* | : | CIVIL ACTION NO.<br>3:02CV2214 (AWT) |
| V. | : | |
| STATE OF CONNECTICUT<br>DEPARTMENT OF MOTOR<br>AN*D DALE* URSIN,<br>*Defendants* | :<br>:<br>:<br>: | OCTOBER 29, 2004 |

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES

Rule 26(b) (1) states that parties may obtain discovery, "regarding any matter, not privileged, that is relevant to the claim or defense of any party, including . . . the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

1

Plaintiff brings the instant action alleging that he was treated differently than similarly situated employees. Plaintiff received the ultimate in discipline for a first offense, he was terminated from employment on January 25, 2000. He was later reinstated and his charges reduced to a first offense for misuse of state equipment and time; for which he received a sixty days suspension. Plaintiff alleges that no other white similarly situated employee received termination or a sixty days suspension for a first offense. **See Plaintiff's Third Amended complaint**.

In his discovery requests, plaintiff has asked for the disciplinary record of persons who have been identified as being disciplined for similar offenses. Defendant has refused to provide the disciplinary records of the persons identified and has also refused to provide their addresses. The disciplinary records of the persons disciplined for similar offenses are relevant to plaintiff's claims of disparate treatment. The addresses of the persons disciplined are important for investigatory and discovery purposes as well as trial. Plaintiff may call the persons identified as witnesses in his case and will be required to issue subpoenas to the persons identified. Rule 26(b) (1) specifically authorizes discovery about the identity and location of persons having knowledge of discoverable matters.

2

The information requested by the plaintiff is relevant and specifically authorized by the Federal rules of discovery. For all the above reasons the plaintiff's motion should be granted for good cause shown.

>Respectfully submitted
>VINCENT LEE
>
>BY: *(signature)*
>KIMBERLY A. GRAHAM
>His Attorney
>621 Farmington Avenue
>Hartford, CT 06105
>Juris No. ct11920

### CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing motion and amended complaint was mailed postage prepaid on this 29th day of October 2004 to:

Edward Osswalt
Assistant Attorney General
55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120

*(signature)*
Kimberly A. Graham
Commissioner of the Superior Court

3

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| VINCENT LEE,<br>*Plaintiff* | : CIVIL ACTION NO.<br>: 3:02CV2214 (AWT) |
| v. | : |
| STATE OF CONNECTICUT<br>DEPARTMENT OF MOTOR VEHICLES,<br>DALE URSIN (official and individual capacity)<br>*Defendants* | :<br>:<br>:<br>: AUGUST 3, 2004 |

## PLAINTIIFF'S INTERROGATORIES

Pursuant to the provisions of Rules 33 and 34 of the Federal Rules of Civil Procedure, the plaintiff, Vincent Lee, hereby request the defendant, State of Connecticut, respond to the following interrogatories within thirty (30) days of the certification of the mailing thereof, and to produce for inspection and/or copying such documents as may be hereinafter requested.

## INSTRUCTIONS AND DEFINITIONS:

1. These interrogatories and requests for production shall be deemed to be continuing in nature. Amended answers are required, to the date of the trial, if any, as supplemental or additional information is discovered.

2. If no one person is competent to answer all the interrogatories and/or requests for production, the responses should be separately answered, under oath, by as many agents of the defendant as might be necessary.

EXHIBIT A

1

employees or organizations of which the State is a member or an employee, or other person or agent acting on behalf of the DMV.

7. Use of the term, "identify" with reference to an individual person, means to state his/her full name, his business and home addresses and telephone numbers, his/her present position and business affiliation or employment, if any, his date of birth, and his social security number.

8. Use of the term, "identify", with reference to a communication means to state the date of the communication; the mode of communication; if by telephone, the place where such communication originated and terminated; the identities of the maker(s) and the receiver(s) of the communication and the subject matter discussed.

9. As used herein, the term, "identify" or "identification" with reference to a document means to state the date of its creation, its author, the addresses or intended recipient(s) of the document, and the present or last known location and the name, business and home address, and telephone numbers of the person(s) having control or custody of such document or a copy thereof. If any such document was, but is no longer in your possession or subject to your control, state the disposition made of it, the reason for such disposition and the date thereof, its present location and the name, business and home address and

**INTERROGATORIES**

1. State whether Plaintiff, during his tenure of employment with the DMV, was ever subjected to discipline or any other adverse employment decisions?

If so, please provide the following information:

(a) the nature of such action;

(b) reasons for such action

(c) the name, job title, race, gender, home address and home telephone number of each person who participated in the decision making regarding the discipline issued or adverse employment action imposed; and,

(d) the identity of any and all documents relied upon in making each decision.

**ANSWER:**

Yes

a) Plaintiff was dismissed from State Service at the close of business on January 25, 2000. This dismissal was subsequently changed to a 60-day suspension without pay by an independent arbitrator. The dates of the suspension were for the period January 26, 2000 to March 25, 2000.

b) The reasons for these actions were:

1) The plaintiff's deliberate misuse of State telephones and computer in direct violation of established policy

2) The plaintiff harassing and threatening members of the public

    3)     The misuse of State time by the plaintiff to conduct personal business

c)     José O. Salinas (Commissioner of Motor Vehicles – Hispanic – Male) made the decision to discipline the plaintiff. Dale Ursin (Agency Personnel Administrator – White – Male) made the recommendation to discipline the plaintiff. The address for each of these individuals at the time of their employment was: 60 State Street, Wethersfield, CT 06161. The telephone number for each of these individuals at the time of their employment was (860) 263-5000.

d)     Copies of any and all documents relied upon are included with this response. Please see Exhibit 1.

    2.     State with specificity the reason for plaintiff's termination and subsequent suspension.

**ANSWER:**

The plaintiff was terminated and subsequently suspended for the following acts of misconduct:

    a)     The plaintiff's deliberate misuse of State telephones and computer in direct violation of established policy

    b)     The plaintiff harassing and threatening members of the public

    c)     The misuse of State time by the plaintiff to conduct personal business

    3.     Identify by name, job title, race, gender, home address and home telephone number, any and all persons who made the decision to terminate the plaintiff from his employment on or about January 25, 2000.

**ANSWER:**

José O. Salinas (Commissioner of Motor Vehicles – Hispanic – Male) made the decision to discipline the plaintiff. Dale Ursin (Agency Personnel Administrator – White – Male) made the recommendation to discipline the plaintiff. The address for each of these individuals at the time of their employment was: 60 State Street, Wethersfield, CT 06161. The telephone number for each of these individuals at the time of their employment was (860) 263-5000.

4. Identify by name, job title, race, gender, home address, and home telephone number, any other DMV employee who was terminated and/or received a 60 days suspension (within the last 15 years) for a first offense. For each such employee provide the following:

   (a) offense for which the employee was disciplined;

   (b) the date of such discipline;

   (c) the discipline received; and

   (d) identity (including but not limited to name, job title, race, gender, home address and home telephone number) of the person who made the decision to issue such discipline.

**ANSWER:**

Individuals who were terminated and/or received a 60-day suspension for a first offense (within the last 15 years) may be found on Exhibit 2.

5. Identify by name, gender, race, address, job title, and telephone number any DMV employee who was accused of similar conduct, within the last 10 years, (as that provided in Defendant's answer to Interrogatory #2) and provide with specificity:

8

7. State with specificity the DMV's current disciplinary policy (including but not limited to stating whether progressive discipline is a part of such policy or whether it is a practice within such policy)?

**ANSWER:**

Please refer to our response to Item 6.

8. Was any person hired to replace the plaintiff after his termination? If so, state the person's name, race, gender, job title, qualifications, address and telephone number, and the date the person was hired.

**ANSWER:**

No.

9. State whether or not any person performed any of the plaintiff's former job duties after his termination? If so, answer the following:

    (a) state the person's name, job title, gender, race, home address, and home telephone number;

    (b) identify the duties;

    (c) state the date on which the person started to perform the duties; and

    (d) state the person's qualifications to perform such duties.

**ANSWER**:

The duties and responsibilities of the plaintiff were not assigned to any one individual after his termination. Rather, the remaining employees as a group absorbed any such duties and responsibilities.

a) The employees who absorbed the duties included:

   1) Charles Miceli – White – Male – Director of Organizational Development

   2) Stephen Dodge – White – Male – Motor Vehicle Division Manager

   3) Mark Silbo – White – Male – Motor Vehicle Program Coordinator / Management Analyst 2

   4) Dan Silbo – White – Male – Motor Vehicle Program Coordinator / Management Analyst 2

   5) Francesca Puglielli – White – Female – Administrative Assistant

   The work address and telephone number for these individuals at that time were: 60 State Street, Wethersfield, CT 06161; (860) 263-5000

b) Among the duties performed were: preparation of the Motor Vehicle Photo Bus Schedule Flyer; agency forms design; and, participation in agency Business Process Management (BPM) projects.

c) These duties were on-going, but these individuals would have assumed an expanded role with regard to them following the plaintiff's termination on January 25, 2000, close of business.

d) With the exception of Ms. Puglielli, these individuals had experience in forms design and in managing BPM projects. Please refer to Exhibit 4 which includes the Experience and Training requirements for the positions occupied by these individuals.

11

12. State whether there were any DMV employees disciplined for deliberate misuse of state telephones and/or misuse of a state computer and/or misuse of state time to conduct personal business during the period 1996-2001? If so, please identify each such employee by name, job title, race, gender, number of years employed with the DMV and state the nature of the allegation for which the employee was disciplined, the discipline received and record of disciplinary history.

**ANSWER**:

a) Kenneth Gervais was dismissed from DMV for misuse of state time / falsification of attendance records on June 19, 1997. By means of a Stipulated agreement, Mr. Gervais was allowed to resign in lieu of dismissal. A similar offer was made to the plaintiff. He is a White, Male and his classification was Motor Vehicle Sergeant. He was employed by the DMV for 14 years.

b) Vincent Lee was dismissed from the DMV on January 25, 2000 for the reasons stated in Response to questions 1 and 2. This dismissal was subsequently changed to a 60-day suspension without pay by an independent arbitrator. He is a Black, Male and his classification was Management Analyst 2. He was employed by the DMV for 10 years, 6 months.

c) Joseph Pepe was given a reprimand for personal use of an agency Fax machine. However, neither a specific date for this action nor a copy of the reprimand could be found during our search. He is a White, Male and his classification was Motor Vehicle Examiner Specialist. He has been employed by the DMV for 11 years.

d) Stephen Peruta was given a reprimand on May 10, 2000 for misuse of an agency computer. He is a White, Male and his classification was Motor Vehicle Inspector. He was employed by the DMV for 4 years, 2 months.

e) Jonathan Roberts was given a reprimand on June 9, 2000 for misuse of an agency computer. He is a White, Male and his classification was Motor Vehicle Inspector. He was employed by the DMV for 2 years, 11 months.

14

2004 OCT 29 P 3: 25

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VINCENT LEE, | : | CIVIL ACTION NO. |
| *Plaintiff* | : | 3:02CV2214 (AWT) |
| | : | |
| V. | : | |
| | : | |
| STATE OF CONNECTICUT | : | |
| DEPARTMENT OF MOTOR | : | |
| AN*D DALE* URSIN, | : | |
| *Defendants* | : | OCTOBER 29, 2004 |

### PLAINTIFF'S NOTICE OF MANUAL FILING

The plaintiff is unable to produce documents in .pdf form and therefore files his Notice of Manual Filing the following documents:

1. Motion to Compel Discovery Responses;

2. Plaintiff's Memorandum of Law in Support of his Motion to Compel Discovery Responses.

3. Exhibit A.

Respectfully submitted,
VINCENT LEE

BY: /s/ Kimberly A. Graham
Kimberly A. Graham,
His Attorney
621 Farmington Avenue
Hartford, CT 06105

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing motion and amended complaint was mailed postage prepaid on this 29th day of October 2004 to:

Edward Osswalt
Assistant Attorney General
55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120

Kimberly A. Graham
Commissioner of the Superior Court