**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| VINCENT LEE, | : | CIVIL ACTION NO. |
| *Plaintiff* | : | 3:02CV2214(AWT) |
| | : | |
| v. | : | |
| | : | |
| STATE OF CONNECTICUT, | | |
| DEPARTMENT OF MOTOR | | |
| VEHICLES, ET AL., | : | NOVEMBER 19, 2004 |
| *Defendants* | | |

## DEFENDANT DEPARTMENT OF MOTOR VEHICLES OBJECTION
## TO PLAINTIFF'S MOTION TO COMPEL

Comes now, the defendant State of Connecticut, Department of Motor Vehicles ("DMV") and objects to plaintiff's Motion to Compel dated October 29, 2004 (Doc. # 46). The defendant Department of Motor Vehicles respectfully represents that the substance of plaintiff's Motion to Compel is both unfair and largely inaccurate. The defendant further represents that it has provided the plaintiff's counsel this date with all home addresses and telephone numbers which it has available in its files for the individuals identified in its discovery response. The DMV further represents that it will provide plaintiff's counsel with any information it has on file concerning "disciplinary history" of the employees identified in response to plaintiff's Interrogatory #12. The defendant DMV further represents:

1.      The initial complaint in this matter was filed on or about December 13, 2002.

2.      Plaintiff did not serve Interrogatories and Production Requests on either defendant DMV or the co-defendant Ursin, until August 3, 2004, just thirty days before the then existing discovery deadline of September 3, 2004.

3.      The defendant Ursin promptly complied with plaintiff's discovery requests. However, the discovery requests which the plaintiff propounded to the defendant DMV were voluminous, requiring the DMV to search its records to identify current and former employees going back to 1990 in some instances.  The DMV responded to plaintiff's Interrogatories on or about September 30, 2004.

4.      Plaintiff's counsel did not include a certificate of good faith in her Motion to Compel papers of October 29, 2004 as required by the provisions of Local Rule 37(a)(2).  The undersigned represents that no effort to resolve the claimed deficiencies in DMV's discovery responses, with the possible exception of home addresses and telephone numbers for employees disciplined, was exerted.  Even in this regard the consistent context of counsel's request was that she needed the home addresses to subpoena individuals to depositions.  The defendant DMV secured the presence of four non-party current or former employees who appeared at plaintiff's counsel office voluntarily, thereby sparing the plaintiff the expense of issuing and serving subpoenas.  (See Ex. "A").

5.      Plaintiff's counsel was supplied with the home address of a fifth non-party employee, Robert Waz, whom she declared she wished to subpoena to a deposition.  On the morning of that scheduled deposition, plaintiff's counsel contacted the undersigned to advise that she was canceling the deposition without providing any reasons.  (See Ex. "A").

6.      Plaintiff's counsel failed to advise defendant DMV's counsel that plaintiff was contending that DMV's response to plaintiff's Interrogatory #12 was claimed to be insufficient until her Motion to Compel papers were filed.  See Motion to Compel Discovery Responses, (Doc. # 46) ¶¶ 8, 9, 10, and 11).

7.    Plaintiff's counsel's request for home addresses and phone numbers of DMV employees identified in its discovery responses was always within the context of requiring the home addresses for the purpose of subpoenaing to deposition.  The defendant complied with plaintiff's requests to the extent that it arranged for the appearance of four non-party employees at deposition.  The fifth, Robert Waz, was a former employee.  Plaintiff's counsel was provided with the home address of Mr. Waz by counsel but then abruptly cancelled the deposition on the day it was scheduled to convene without providing a reason.  (See Ex. A).

8.    On October 15, 2004, plaintiff's counsel e-mailed the defendant's counsel to identify employees whom she desired to depose.  At that time plaintiff's counsel indicated she would forward "other discovery lapses" by Monday (October 18, 2004) in the hopes that the problems can be resolved without a Motion to Compel.  (Ex. "A").  Plaintiff's counsel never described what these claimed discovery lapses were subsequent to October 15, 2004.

The defendant DMV asks that the Court review the plaintiff's requests and assess the breadth of defendant DMV's compliance or proffered compliance.  It is respectfully submitted that defendants have fully complied, or will fully comply, with plaintiff's requests and have addressed all deficiencies in DMV's responses of which they had knowledge.  Defendant will supplement where appropriate its responses with any disciplinary history records of employees identified by DMV in its responses to plaintiff's Interrogatories.

In summary, it is the intent of the defendant to make all discoverable information available to plaintiff.  However, the defendants cannot make available that information which they do not possess nor can the defendant address claimed deficiencies of which it was not aware.

The defendant prays that the plaintiff's Motion to Compel be denied with prejudice.

3

DEFENDANT
STATE OF CONNECTICUT
DEPARTMENT OF MOTOR VEHICLE,
ET AL.

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____

Edward F. Osswalt
Assistant Attorney General
Federal Bar No.:  ct15252
55 Elm Street
P.O. Box 120
Hartford, CT  06141-0120
Tel:  (860) 808-5340
Fax: (860) 808-5385
E-Mail:Edward.Osswalt@po.state.ct.us


## CERTIFICATION

I hereby certify that a copy of the foregoing Defendant's Objection to Plaintiff's Motion

to Compel was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on

this 19th day of November, 2004,  first class postage prepaid to:

Kimberly A. Graham, Esq.
621 Farmington Avenue
Hartford, CT  06105

_____
Edward F. Osswalt
Assistant Attorney General