UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VINCENT LEE, | : | CIVIL ACTION NO. |
| *Plaintiff* | : | 3:02CV2214 (AWT) |
| | : | |
| V. | : | |
| | : | |
| STATE OF CONNECTICUT | : | |
| DEPARTMENT OF MOTOR | : | |
| AN*D DALE* URSIN, | : | |
| *Defendants* | : | DECEMBER 3, 2004 |

## PLAINTIFF'S NOTICE OF MANUAL FILING

The plaintiff is unable to produce documents in .pdf form and therefore files this Notice of Manual Filing as to the following document:

1. Plaintiff's Rebuttal to Defendant's Objection to Plaintiff's Motion to Compel.

                                Respectfully Submitted
                                Vincent Lee

                                By:
                                Kimberly A. Graham
                                His Attorney

## CERTIFICATION

This is to certify that a copy of the Rebuttal and attached Affidavit were mailed, postage pre-paid on this the 3rd day of December, 2004 to

Edward F. Osswalt
Assistant Attorney General
55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120.

                                Kimberly A. Graham

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| VINCENT LEE,<br>*Plaintiff* | : CIVIL ACTION NO.<br>: 3:02CV2214 (AWT)<br>: |
| V. | : |
| STATE OF CONNECTICUT<br>DEPARTMENT OF MOTOR<br>AN*D DALE* URSIN,<br>*Defendants* | :<br>:<br>:<br>: DECEMBER 3, 2004 |

## PLAINTIFF'S REBUTTAL TO

## <u>DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION TO COMPEL</u>

Comes now the plaintiff by and through undersigned counsel to rebut defendant's objection to plaintiff's motion to compel. Defendant in its objection alleges that plaintiff's motion to compel is both, "unfair and largely inaccurate". Defendant also alleges that plaintiff's counsel did not include a certificate of good faith in his Motion to Compel. Defendant goes on to allege that the discovery requests were voluminous and further, "asks that the Court review the plaintiff's requests and assess the breadth of defendant DMV's compliance or proffered compliance". Defendant summarizes his objection by indicating that its intent is to make, "all discoverable information available to plaintiff." By this rebuttal, plaintiff seeks to answer and rebut the allegations made by the Defendant in its objection.

1

## **UNFAIR AND INACCURATE**

First, the motion to compel is neither unfair nor inaccurate. There is no dispute that plaintiff served Interrogatories and Requests for Production on the Defendant, State of Connecticut on August 3, 2004. Further, it is undisputed that on September 9, 2004 (more than 30 days after the discovery was served), the State of Connecticut moved for and was granted an extension of time within which to answer such interrogatories until September 22, 2004. It is also undisputed as alleged in the Motion to Compel that the answers to such interrogatories were received by Plaintiff's counsel on September 30, 2004 by email transmission. Also not denied by the defendant is the fact that the sworn oath for such interrogatories was not received until October 7, 2004. Defendant does not deny failing to answer Interrogatories #3, 12, or 18 as requested Interrogatories.

Plaintiff fails to see any unfairness or inaccuracies as alleged by Defendant's counsel where the allegations in Plaintiff's motion are undisputed.

## **CERTIFICATE OF GOOD FAITH**

Defendant alleges that plaintiff's counsel did not include a certificate of good faith in Plaintiff's motion to compel; however, in Paragraphs 13 and 14 of Plaintiff's

2

Motion to Compel counsel did include an allegation that she had made good faith efforts to resolve the disputed issues, without complete success and that she had attempted to talk with defendant's counsel on October 21, 2004 after the conclusion of two depositions, but Atttorney Osswalt's schedule would not afford him the opportunity to talk.

Defense counsel also alleges that "no effort to resolve the claimed deficiencies in DMV's discovery responses . . . was exerted". Yet, defense counsel attaches an email correspondence, dated October 15, 2004 wherein the undersigned specifically states that she had not received completed discovery responses, "**including** the addresses of the persons identified in the state's discovery responses" and that she would send to him other discovery lapses by Monday in hopes that the problems [could] be resolved without a motion to compel." (Emphasis supplied). By attaching the above referenced e-mail correspondence of October 15, 2004, counsel admits that he was told that there were other discovery lapses, other than his client's failure to include addresses of persons identified in the discovery responses.

3

Further, because of Attorney Osswalt's allegation (Defendant's Objection, Paragraph 4 & 8), that there was "no effort" made to discuss the discovery lapses, the undersigned will expound on her allegation in Paragraph 14 of the Motion to Compel. Plaintiff's counsel specifically attempted an in-person discussion to talk with Attorney Osswalt on October 21, 2004 after the deposition of two witnesses, Daniel and Mark Silbo. In response to her request to discuss the discovery lapses Attorney Osswalt waived his hand as if dismissing her attempts to discuss the matter and turned to walk out of the conference room of the undersigned's office. The undersigned then told Attorney Osswalt that a motion to compel and Attorney Osswalt continued to waive his hand and walked out of the door of the office of Plaintiff's counsel. (An affidavit is attached hereto.)

## **VOLUMINOSITY AND DEFENDANT'S REQUEST FOR REVIEW OF PLAINTIFF'S DISCOVERY REQUESTS**

Defense counsel's request that the Court review the plaintiff's discovery requests should be denied. Defendant waived its opportunity to object to plaintiff's discovery responses, whether voluminous or not. Rule 33(b)(3) requires the party upon whom interrogatories are served to answer and file objections, if any, within **30**

4

**days** of service of the interrogatories. The interrogatories were served on August 3, 2004. The defendant requested and was granted an extension of time until September 22, 2004 to answer the interrogatories but did not provide such answers until September 30, 2004. Defendant never filed any objections to the Plaintiff's Interrogatory Requests and the defendant should not therefore be allowed to object to such interrogatories at this date.

## **PLAINTIFF'S REQUESTS FOR HOME ADDRESSES AND PHONE NUMBERS WERE NOT MADE SOLELY FOR PURPOSES OF ISSUING SUBPEONAS FOR DEPOSITION**

Attorney's Osswalt's claim in Paragraph 7 of his Objection, that plaintiff's counsel's requests for home addresses and phone numbers of DMV employees, " was always within the context of requiring the home addresses for the purpose of subpoenaing to deposition" is not true. **See Plaintiff's Interrogatory #'s 3, 12 and 18.**

The undersigned does not believe that she was required to inform defense counsel as to the specific reason for the discovery requests and certainly such a query was never received from defense counsel. Rule 26(b) (1) specifically authorizes discovery about the identity and **location** of persons having knowledge of

5

discoverable matters. Plaintiff's counsel made her discovery requests in accordance with the Rules of Civil Procedure and such requests included not only the identity and addresses of persons she wanted to depose, but, included the discovery she deeded necessary to prosecute her case.

## **CONCLUSION**

In conclusion, plaintiff's motion to compel was not unfair or inaccurate. The undersigned made good faith efforts to obtain the defendant's timely discovery responses, and no objections were made to plaintiff's discovery requests, yet, the defendant, still, as of this date, has failed to comply with all of the plaintiff's discovery requests. In a letter dated November 19, 2004, defense counsel stated for the first time that he asked his client to address the "disciplinary history" issue in Interrogatory 12. Defense counsel further stated in his letter, that he expected to have the information to me within the near future. As stated, the responses have not yet been received.

Dispositive motions are due in 13 days and the plaintiff is without responses to relevant discovery requests which bear directly on the issue of whether plaintiff

6

KIMBERLY A. GRAHAM • ATTORNEY AT LAW, L.L.C.
621 FARMINGTON AVENUE • HARTFORD, CT 06105 • (860) 523-9306 • FAX (860) 523-1274 • JURIS NO. 413679

was treated differently than his white colleagues. For all of the reasons expressed, the defendant's objection to plaintiff' motion should be overruled and the motion to compel should be granted.

Respectfully submitted,
VINCENT LEE

BY: /s/ Kimberly A. Graham
KIMBERLY A. GRAHAM,
His Attorney
621 Farmington Avenue
Hartford, CT 06105
(860) 523-9306

### CERTIFICATION

This is to certify that a copy of the Rebuttal and attached Affidavit were mailed, postage pre-paid on this the 3rd day of December, 2004 to

Edward F. Osswalt
Assistant Attorney General
55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120.

/s/ Kimberly A. Graham
Kimberly A. Graham

7

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VINCENT LEE,<br>*Plaintiff* | : <br> : <br> : | CIVIL ACTION NO.<br>3:02CV2214 (AWT) |
| V. | : <br> : | |
| STATE OF CONNECTICUT<br>DEPARTMENT OF MOTOR<br>AN*D DALE* URSIN,<br>*Defendants* | : <br> : <br> : <br> : | DECEMBER 3, 2004 |

## VINCENT LEE V. STATE OF CONNECTICUT/DMV
## AFFIDAVIT OF KIMBERLY A. GRAHAM

I, **Kimberly A. Graham**, understand the meaning of an oath and I attempted to resolve all discovery issues with Attorney Osswalt by speaking with him on the telephone, corresponding via the internet and by speaking with him in person on October 21, 2004.

_____
Kimberly A. Graham

STATE OF CONNECTICUT       :

                                                  : ss. December 3, 2004
COUNTY OF HARTFORD         :

Personally appeared Kimberly A. Graham, who being duly identified and sworn acknowledges that all of the foregoing is true and she freely executed the same for the purposes indicated.

_____
Nichelle Brooks
Commissioner of the Superior Court

KIMBERLY A. GRAHAM • ATTORNEY AT LAW, L.L.C.
621 FARMINGTON AVENUE • HARTFORD, CT 06105 • (860) 523-9306 • FAX (860) 523-1274 • JURIS NO. 413679