FILED

2005 APR 22  P 4: 46

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT'S DISTRICT COURT
HARTFORD CT

VINCENT LEE                          CIVIL ACTION
          **PLAINTIFF**                        NO. 302CV2214 (AWT)

VS.

STATE OF CONNECTICUT/
DEPARTMENT OF MOTOR VEHICLES
DALE URSIN (Individual Capacity)
          **DEFENDANTS**              APRIL 22, 2005

## PLAINTIFF'S LOCAL RULE 56(a)(1)
## STATEMENT OF DISPUTED MATERIAL FACTS

1.      Admitted and further allege that Plaintiff was transferred from the

Connecticut State Library as a Management Analyst I to the Department of Motor

Vehicles (DMV) on or about July 1, 1992 as a Management Analyst 1.   At the

time of his transfer, he had accumulated more than four years of state service.

Further, Plaintiff had previously been employed with the U.S. Air Force as an

Inventory Management Specialist.  He was Honorably Released from Active Duty

on April 30, 1992.   Plaintiff also earned a B.S. Degree in Business

Administration and Management.  **Exhibit A - Plaintiff's Interagency Transfer,**

**dated 7/1/92, Exhibit B - Certificate of Release from Active Duty and Exhibit**

**E - Resume.**

1

**2.**     Admitted and further allege that Ursin supervised Micelli. The Organizational chart from August 7, 1999 reflects that the defendant Ursin was the Director of Human Resources and Organizational Development. Charles Micelli as the Director of Organizational Development supervised Stephen Dodge who was the MV Division Manager. Dodge supervised the plaintiff, Vincent Lee who was one of the Management Analyst 2. **See Exhibit C - Connecticut DMV, Division of Human Resources and Organizational Development – Organizational-Personnel Chart, August 27, 1999.**

3.     Admitted

4.     Deny. The requests to promote the Silbos were submitted on January 26, 2000 to the DMV Human Resources Unit and were approved on February 29, 2000. **Exhibit D at Interrogatory #11 (a).**

5.     Denied. Plaintiff was doing the same jobs as the Silbos and should also have been promoted.

**6.**     Denied. Plaintiff and the two Silbo cousins (both of whom were white males) performed the same duties as they were all employed as Management Analyst 2. Further, Plaintiff had earned a Bachelors Degree in Business and Management. He had work experience prior work experience as Management

2

Analyst both as a state employee (1988-1992) and as a federal, military employee. Daniel Silbo did not become a Management Analyst until 1990. Mark Silbo became a Management Analyst sometime in 1989 or 1990. **See Exhibit C and Exhibit A, B, F at page 17, G at page 9, paragraph 13-20.**

7.   Denied.  Plaintiff met with Ursin because Ursin was the sponsor of the Business Process Management meeting and Ursin was his supervisor. **Exhibit H - Ursin's Affidavit at Paragraph 7 and 10, Exhibit C.**

8.   Denied.  Plaintiff did complain to Ursin that he felt he was being treated differently in the unit and although he did not use the word, "black" he was the only Black person in the unit and only one of three Black male professionals out of approximately 120 professionals employed in the entire agency. **Exhibit I - Lee's Depo at 89, Exhibit J - Complaint and Exhibit C - Connecticut DMV, Division of Human Resources and Organizational Development – Organizational-Personnel Chart, August 27, 1999, Defendants' Exhibit D - Answer to Plaintiff's Interrogatories #9, 10, 14, 15.**

9.   Admitted that Plaintiff never filed a complaint with DMV's Affirmative Action Office and further allege that he was not required to do so

3

before filing an action before the state's administrative agency, the Commission On Human Rights and Opportunities (CHRO) or before filing the instant federal action.

    10.  Admit.

    11     - 20.  Admitted that Sharon Gordon sent a fax on December 22, 1999 while the Plaintiff was on vacation and not expected back at work until January, 2000. **Exhibit H - Ursin's Affidavit @ Paragraph 25.**

    **21.**     Denied that Commissioner Salinas and Ursin viewed the allegations as being extremely serious where another white female employee put her fist in the face of another employee and there was no discipline issued. **Exhibit T – Transcription notes, notes from Steve Shonta.**

    **22.**     Admitted that there was and Executive Order No. 16 which provided a zero tolerance policy for violence or the threat of violence in August of 1999 and in spite of such policy, a white female employee was not disciplined for threatening another employee.  **Exhibit T - Transcription notes and Exhibit S – Governor's Executive Order.**

4

23.    Admitted that CHRO made a decision to dismiss the Plaintiff's complaint but further acknowledge that Plaintiff is entitled to a de novo hearing in federal court. University of Tennessee v. Elliot, 478 U.S. 788, 92 L.Ed 2d 635, 106 S.Ct. 3220 (1986). Further, admit that although the CHRO investigator opined that threatening remarks are not tolerated after the issuance of the Executive Order that the DMV tolerated threatening conduct between white employees without discipline.

24.    Denied. At no time was the plaintiff accused of violating a directive issued by then Commissioner Salinas. **See Defendant's Answers to Plaintiff's Interrogatory # 1. DMV letter to Plaintiff DMV, dated January 3, 2000, January 10, 2000, and Plaintiff's termination letter.**

25.    Admit and further allege that Steve Shonta is the same person who investigated the incident whereby Carol Driscolle was alleged to have put her fist to another employee's face. Shonta determined, "[there was no cause for action, disciplinary or damage]".

26.    – 36  Denied that Defendants received any credible evidence of threatening or harassing behavior by Plaintiff, Lee. **Exhibit M - Arbitrator's Decision at p. 23.**

KIMBERLY A. GRAHAM • ATTORNEY AT LAW, L.L.C.
621 FARMINGTON AVENUE • HARTFORD, CT 06105 • (860) 523-9306 • FAX (860) 523-1274 • JURIS NO. 413679

**37.**    Admit.

38.    Admit that defendant had made the decision to discipline the Plaintiff

before hearing from him.

**39.**    Admit that Plaintiff upon his return from vacation was confronted with a

Loudermill notice and notice of being placed on Administrative Leave. **Exhibit L**

**- January 3, 2000 letter to Lee.**

40.    Admit

41.    Admit

**42.**    Denied.  Other white employee's, supervised and disciplined by Dale

Ursin had been accused of misuse of telephones and/or computer equipment

and/or a state vehicle and was not terminated.  **Exhibit N - See Letter to Michael**

**Boguslawski, from Dale Ursin, Director Human Resources and**

**Organizational Development, dated February 17, 1998, Exhibit K - Letter to**

**Jonathan L. Roberts from Dale Ursin, dated June 9, 2000,  Exhibit U - Letter**

**to Stephen Peruta, dated 5/10/00 from Dale Ursin and Exhibit O Letter from**

**Debra L. Freund, Affirmative Action Administrator to Alfreda Gaither,**

**CHRO dated November 29, 2001.**

KIMBERLY A. GRAHAM  •  ATTORNEY AT LAW, L.L.C.
621 FARMINGTON AVENUE • HARTFORD, CT  06105 • (860) 523-9306 • FAX (860) 523-1274 • JURIS No. 413679

43.    Admitted.  Two days after returning from vacation, being notified of the State's intent to take disciplinary action against him and being placed on administrative leave, the Plaintiff attended a Loudermill hearing during which Plaintiff produced evidence that Plaintiff was the victim of criminal conduct by Sharon Gordon, with whom Plaintiff had been formerly romantically linked. **Exhibit H at 41.**

44.    - 46.  Denied.  **Exhibit P - CHRO Affidavit, dated 2-4-00 @ Paragraph 15.**

47.    Admitted that Plaintiff was being harassed by his former, girlfriend.

**48.**    – 50.  Admitted that Plaintiff presented evidence to the defendants that he was being harassed by his former girlfriend and had been harassed since 1998, that he had to call the police on two occasions and had obtained a restraining order against her and in spite of such evidence, the defendants terminated the Plaintiff allegedly threatening and harassing the former girlfriend.  **Exhibit H at 41.**

51.    – 54.  Admitted that Ursin made the decision to terminate Lee and that such decision was rubber stamped by Commissioner Salinas.

KIMBERLY A. GRAHAM  •  ATTORNEY AT LAW, L.L.C.
621 FARMINGTON AVENUE • HARTFORD, CT 06105 • (860) 523-9306 • FAX (860) 523-1274 • JURIS No. 413679

55    -59. Admitted that an Arbitrator determined that the defendants'

witnesses at the arbitration hearing were not credible. **Arbitrator's decision**

60.    – 61. Admitted that the Arbitrator determined Mr. Lee should be

disciplined for using the state's phone and computer for purpose of non-work

related business in excess. Further allege that this was Plaintiff's first record of

discipline although he had over ten years of service with the state. **Exhibit D –**

**Defendants' Answer to Interrogatory # 1.**

62.    Admitted.

63.    Admitted that when he returned to work in May of 2001, he was

ostracized by DMV.

64.    Denied. Lee did not state that red circled meant that the classification was

being considered for abolition **and** that, " vacancies in such classification could

not be filed without specific permission from DAS". **Exhibit I at 43-44.**

**65.**    Admit that Plaintiff was returned to a Management Analyst 2 in 2002 and

remained in such position in January, 2003 when he was laid off. Further, allege

that after Plaintiff was terminated, that the other two white Management Analysts

with whom Lee had worked since 1992 were promoted to the position of Program

8

Coordinator and therefore were not laid off in 2003.  The other two white males were promoted on February 29, 2000 and such promotions were made retroactive to January 14, 2000.  **Exhibit D - Defendant's Answers to Plaintiff's Interrogatory 11(a).**

66.    - 69.  Admit. Plaintiff filed an affidavit of an Illegal Discriminatory Practice on February 4, 2000 and field Addendums thereto on June 12, 2000 and June 13, 2000.

70.   Admit and further allege that the CHRO investigator, "addressed these claims in her findings as what they appeared to be additional examples of what complainant viewed as disparate treatment because of his race or color.  Exhibit R - **CHRO's Rejection of Plaintiff's Reconsideration Request at p. 6.**

71. – 76.  Admit and further allege that plaintiff is entitled to a de novo hearing in federal court.  University of Tennessee v. Elliott, supra.

PLAINTIFF, VINCENT LEE

BY

KIMBERLY A. GRAHAM,
Attorney at Law, LLC
621 Farmington Avenue
Hartford, CT 06105
(860) 523-9306
Juris No. ct11920

9

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing was mailed postage prepaid on

this 22nd day of April 2005 to:

Edward Osswalt
Assistant Attorney General
55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120

Kimberly A. Graham
Commissioner of the Superior Court

KIMBERLY A. GRAHAM  •  ATTORNEY AT LAW, L.L.C.
621 FARMINGTON AVENUE • HARTFORD, CT 06105 • (860) 523-9306 • FAX (860) 523-1274 • JURIS NO. 413679